IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

FILED
MAR 12 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Action Number 1:20-CV-279 (LO/MSN)
(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I.   PARTIES

A.   Plaintiff:

1.   (a) Malcolm Muhammad     (b) 1025895
        (Name)                    (Inmate number)

     (c) Keen Mountain Corr. Center
        (Address)

     P.O. Box 860, Oakwood, Va. 24631

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.

Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.

B.   Defendant(s):

1.   (a) I.T. Gilmore          (b) Warden
        (Name)                    (Title/Job Description)

     (c) 24414 Musselwhite Dr. Waverly, Va. 23891
        (Address)



Grievance Office

2. (a) Ms. Allen (b) Medical Regional Admin.
      (Name)                (Title/Job Description)

   (c) 24414 Musselwhite Drive
       (Address)

   Waverly, Va. 23891

3. (a) J. Adams (b) Unit Manager
      (Name)                (Title/Job Description)

   (c) 24414 Musselwhite Drive
       (Address)

   Waverly, VA. 23891

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.   See Additional defendants.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.**

II.  **PREVIOUS LAWSUITS**

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?   Yes [✓]   No [ ]

B. If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

   1. Parties to previous lawsuit:

   Plaintiff(s) Malcolm Muhammad

   Defendant(s) William et al.

   2. Court (if federal court, name the district; if state court, name the county):

   3. Date lawsuit filed:  unknown at this time

   4. Docket number:  1:19cv746

Additional Defendents

4. (a) White        (b) Assistent Warden
      (Name)           (Title/Job Description)

   (c) 24414 Mussel white Drive
       (Address)

       Waverly, Va, 23891

5. (a) Jo Donald    (b) Nurse
      (Name)           (Title/Job Description)

   (c) 24414 Musseluhite Drive
       (Address)

       Waverly, Va, 23891

6. (a) Ruffin       (b) Major
                       (Title/Job Description)

   (c) 24414 Musseluhite Drive
       Waverly, VA. 23891

7. (a) E. Witt      (b) Grievance Coordinater
      (Name)           (Title/Job Description)

   (c) 24414 Musseluhite Drive
       Waverly, Va. 23891

8. (a) I. Hamilton  (b) Warden
      (Name)           (Title/Job Description)

   (c) 24414 Musseluhite Drive
       Waverly, Va. 23891

5. Name of Judge to whom case was assigned: __LO / JFA__

6. Disposition (Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?) :

   __Is Still pending__

## III. GRIEVANCE PROCEDURE

A. At what institution did the events concerning your current complaint take place: __Sussex 1 State Prison - ("S1SP")__

B. Does the institution listed in "A" have a grievance procedure? Yes [ ✓ ] No [ ]

C. If your answer to "B" is Yes:

   1. Did you file a grievance based on this complaint? Yes [ ✓ ] No [ ]

   2. If so, where and when: __S1SP, 11/14/2019, 1/16/2020__

   3. What was the result? __Unfounded Level 1__

   4. Did you appeal? Yes [ ✓ ] No [ ]

   5. Result of appeal: __In agreement with Level 1 response__

D. If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [ ] No [ ]

   If your answer is Yes, what steps did you take? _____

E. If your answer is No, explain why you did not submit your complaint to the prison authorities:

IV. STATEMENT OF THE CLAIM

1. Plaintiff filing this complaint under The "Imminent Danger of Serious Physical Injury".

2. Plaintiff has footwear medical problems, where has been approved and authorized by several doctors and Institutional wardens including Sussex 1 State Prison to wear shoes width EEE with arches support.

3. While housed at SISP, plaintiff has made several outside vendor orders for his shoes, due to commissary by VDOC do not sell shoes with width sizes EEE.

4. Plaintiff made an attempt to re-order another pair shoes Approximately 12 months after ordering his last pair, However, property officer Ms. Bracher, told plaintiff before he can order any more shoes, that he has to see the doctor again and get another shoe profile approval.

5. However, plaintiff shoe profiles all states that the shoe profile is "permanent".

6. Plaintiff seen the doctor, Michael Henning at SISP, on 10/28/2019, and he authorized and written an medical report stating, plaintiff is continued authorized to be provided with a shoe profile for his shoes, width sizes EEE.

7. Plaintiff was expecting his approved shoe profile through the Institution mail, however, he did not receive it, so he visit the medical Department on 11/04/2019, requesting for his shoe profile. However, defendant Allen, denied plaintiff to get his shoe profile and told him that plaintiff had to get approval by the major, defendant Ruffin.

8. Also, on 11/04/2019, plaintiff filed an informal complaint to defendant Allen, denial plaintiff to be provided what the doctor authorized plaintiff to receive his shoe profile that was written on 10/28/2019.

9. On 11/04/2019, as well, plaintiff submitted an notarized letter to Defendant Ruffin, concerning his shoe profile and the conversation by Defendant Allen. plaintiff filed a grievance concerning Defendant Allen denial of what the doctor authorized plaintiff to receive a shoe profile, and it was unfounded.

10. Plaintiff submitted several of many medical request to see the the doctor because his feet had swollen, paining and without the proper shoes, he received injury to his feet and medical fail to provide treatment.

11. On 11/20/2019, plaintiff submitted medical request for his feet and he received response on 2/10/2020, 51 days later, stating " you have been scheduled" by defendant Donald.

12. On 11/21/2019, plaintiff submitted a medical request for his feet and received response on 2/10/2020, 19 days later, stating "you have been scheduled by defendant Donald.

13. On 11/25/2019, plaintiff submitted a notarized letter to both wardens concerning the denial of his shoe profile and not having no shoes to wear.

14. On 12/06/2019, plaintiff submitted a Reminder letter to Assistant warden defendant White concerning he has no shoes and his letter written to him on 11/25/2019.

2.

15. On 12/11/2019, plaintiff again submitted a medical request asking for his shoe profile along with an inmate withdraw account paying a copy, and received response on 12/19/2019, by MS. Workman, stating, "after reviewing plaintiff medical chart, there was no shoe profile in his chart that was authorized by the doctor on 10/28/2019.

16. On 12/10/2019, plaintiff appeal level I response by defendant Hamilton, to Regional Admin, and received response on 1/14/2020, finding his complaint unfounded by Defendant Unknown at this time with the signature "JND WW on 1/14/2020.

17. On 12/22/2019, plaintiff filed a grievance because defendant Adams denied to sign-off on plaintiff's inmate withdraw Account form to verify did plaintiff have enough funds to order his shoes that was authorized by defendant Hamilton.

18. On 12/23/2019, plaintiff received his shoe profile that was signed on 12/10/2019, that was authorized since 10/28/2019, 84 days later.

19. On 12/23/2019, plaintiff submitted two (2) medical request to see the doctor for his paining feet, one response, "you have been scheduled", the second, "you have been scheduled" try to reorder your shoes again.

20. On 12/24/2019, plaintiff submitted two (2) medical request for sick-coll one responded, "Try again to reorder and you have been scheduled.

3.

21. On 1/16/2020, defendant Adams, responded that plaintiff's request to order shoes was denied, the Institution "can order" your shoes size for you.

22. On 1/17/2020, Plaintiff submitted a medical request, asking to see the doctor because his feet is hurting who received response on 1/20/2020, "you have been scheduled".

23. On 1/23/2020, plaintiff filed a grievance and defendant Witt request for plaintiff's shoe profile

24. On 1/24/2020, plaintiff submitted a medical request to see the doctor because his feet was in pain, he couldn't walk correctly and received response on 1/27/2020, stating, "you have been scheduled.

25. On 1/24/2020, plaintiff responded to defendant request for shoe profile, for her to do an "investigation" to see if a shoe profile was authorized.

26. On 1/28/2020, plaintiff submitted a Informal Complaint, requesting to see the doctor because his feet was in pain and he received response on 1/31/2020, "you have been scheduled"; plaintiff filed a grievance on 2/6/2020, received response by defendant Witt, "to SUBMIT a medical request to medical and making medical decisions that "plaintiff WAS NOT denied medical.

27. On 2/24/2020, plaintiff received response by Defendant Gilmore, denying that defendant Adams, denied plaintiff to receive his medical shoes and there was no evidence to substantiate plaintiff's allegations.

4.

28. Plaintiff was approved by several wardens and doctors at SLSP, to order his shoes from the outside vendor due to commissary did not have them.

29. When defendant Adams, became Unit manager Approx. in Nov. 2019, Plaintiff was ordering his shoes. Defendant Hamilton, told plaintiff to give his inmate withdraw Account form to Defendant Adams to approve it if plaintiff has enough funds to pay for his shoes. Defendant Adams, admitted that she was not going to sign the withdraw form because plaintiff was getting over by ordering his own shoes from the outside vendor.

30. Plaintiff filed a grievance to Defendant Adams, response admitting what she wasn't going to do. However, plaintiff's grievance was not filed, by defendant witt, grievance No. ("SXI-20-INF-00455")

31. Plaintiff was transferred to KMCC on 2/21/2020, and was seen by his filed medical request on 2/23/2020, and was call to sick-call on 2/25/2020, and his feet of injuries was reviewed and plaintiff was scheduled to see the DOCTOR, for his injuries to his feet on 3/8/2020, to see doctor Ball.

32. Plaintiff states, he was denied treatment for medical, an ongoing serious medical need to be provided medical and proper shoes posed imminent danger of serious physical injury to his feet, he cannot walk properly.

5.

## LEGAL CLAIMS

33. The actions of defendant Allen, in failing to provide the plaintiff with the shoe profile from the written doctor's order, that later cause pain, swelling and injuries to his feet constituted deliberate indifference, and due process of law in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

34. The failure of defendants Allen and Donald to provide plaintiff medical treatment from plaintiff medical complaints of his feet constituted deliberate indifference to the plaintiff's serious medical need in violation of the Eighth Amendment to the United States Constitution.

35. The actions of defendants Hamilton, White, Gilmore, and Ruffin in their failure to provide the plaintiff with the basic human needs of shoes, when the Institution did not have these shoes, constituted cruel and unusual punishment and due process of law in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

36. The actions of defendant Adams in failure to review and sign-off on plaintiff's inmate withdraw Account form so that plaintiff could order his shoes, who had no shoes constituted Cruel and Unusual punishment and due process of law in violation of the Eighth and Fourteenth Amendment to the United States Constitution.

Case 1:20-cv-00279-LO-MSN   Document 1   Filed 03/12/20   Page 11 of 12 PageID# 11

37. The actions of defendant Witt, in making medical decisions on plaintiff medical complaints, when plaintiff was denied serious medical needs of medical attention, treatment constitute cruel and unusual punishment and due process of law in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

7.

## V. RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. __MKM__ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

__✓__ Award money damages in the amount of $__10,000__

____ Grant injunctive relief by_____

__✓__ Other __Grant such other relief as it may appear that plaintiff is entitled.__

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

__Sussex I State Prison, plaintiff was transferred to Keen Mountain Corr. Center on 2/21/2020__

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes [✓] No [ ]. You may consent at any time; however, an early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this __1st__ day of __March__, 20__20__.

Plaintiff: __Maleek Muhammad #1025895__

Grievance Office